UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FINIECO INDÚSTRIA E COMÉRCIO DE EMBALAGENS, SA,<br><br>                     Plaintiff,<br><br>               v.<br><br>UNITED STATES,<br><br>                     Defendant. | Court. No. 24-00160 |

**COMPLAINT**

      Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiff, Finieco Indústria e Comércio de Embalagens, SA ("Finieco"), by and through its attorneys, alleges herein as follows.

<u>ADMINISTRATIVE DETERMINATION TO BE REVIEWED</u>

      1.      This action is brought pursuant to 28 U.S.C. § 1581(c). Finieco contests certain aspects of the U.S. Department of Commerce's ("Commerce") final determination in the antidumping investigation concerning certain paper shopping bags from Portugal. Commerce issued its determination on May 17, 2024, and it was published as *Certain Paper Shopping Bags From Portugal*, 89 Fed. Reg. 45,845 (Dep't of Commerce May 24, 2024) (fin. det.) ("*Final Determination*").

<u>JURISDICTION</u>

      2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Sections 516A(a)(2)(A)(i)(II) and (a)(2)(B)(i) of the Tariff Act of 1930, as amended ("the Act"), 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and (a)(2)(B)(i).

STANDING

3. Finieco is a foreign producer and exporter of the subject merchandise and was a party to, and participated in, the contested antidumping investigation covering certain paper shopping bags from Portugal. Accordingly, Finieco qualifies as an interested party pursuant to Sections 516A(f)(3) and 771(9)(A) of the Act, 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A).

4. Finieco has standing to commence this action pursuant to Section 516A(d) of the Act, 19 U.S.C. § 1516a(d), and 28 U.S.C. § 2631(c).

TIMELINESS

5. Commerce published an antidumping duty order based upon the *Final Determination* on July 18, 2024. *Certain Paper Shopping Bags From Cambodia, Colombia, India, Malaysia, Portugal, Taiwan, the People's Republic of China, and the Socialist Republic of Vietnam*, 89 Fed. Reg. 58,334 (Dep't of Commerce Jul. 18, 2024) (AD orders). Finieco commenced this action by filing a Summons on August 19, 2024, which was the first business day following the thirtieth day after the date of publication of the antidumping duty order. This complaint is filed within 30 days of the summons. Therefore, pursuant to Section 516A(a)(2) of the Act, 19 U.S.C. § 1516a(a)(2), and Rules 3(a)(2) and 6(a) of the Rules of the United States Court of International Trade, the Summons and the Complaint are timely filed.

STATEMENT OF FACTS

6. Finieco is a Portuguese producer of paper bags and was the only respondent in Commerce's antidumping duty investigation covering certain paper shopping bags from Portugal. *Certain Paper Shopping Bags From Portugal*, 89 Fed. Reg. 341 (Dep't of Commerce Jan. 3, 2024) (prelim. det.). Finieco participated fully in the investigation, wherein it responded

to Commerce's many questionnaires, provided data and supporting documentation, and cooperated with Commerce during two on-site verifications.

7. Among the data Finieco reported were U.S. administrative expenses. For many U.S. sales during the period of investigation, Finieco paid an unaffiliated U.S. company a fee to perform various administrative tasks, *e.g.*, scheduling phone calls. Finieco reported these expenses under the field for U.S. Commissions but explained to Commerce that they should be treated as indirect selling expenses because they were not related to selling merchandise and were not tied directly to specific sales.

8. Commerce published the *Final Determination* on May 24, 2024. Therein, Commerce rejected Finieco's request to treat the administrative fees paid to the U.S. company as indirect expenses and instead treated them as direct expenses.

## ISSUE PRESENTED BY THE ACTION

9. For the following reasons, and for other reasons apparent from the record of the investigation, Commerce's *Final Determination* is unsupported by substantial evidence and is not in accordance with law.

## COUNT ONE

10. Paragraphs 1 through 9 are incorporated herein by reference.

11. Commerce's treatment of the administrative fees Finieco paid a U.S. company as a direct expense is not supported by substantial evidence and is not in accordance with law. Commerce recognized that the fees were administrative and not related to making sales, and that they did not tie directly to specific sales invoices. Commerce also recognized that, although the fee amounts were based initially upon a percentage of the sales value made to certain customers, Finieco adjusted the amount of the fee ultimately paid for various reasons. Despite these

findings, Commerce determined that the fees were direct expenses because they were tied to individual sales.

12. Commerce's determination contradicts the administrative record and its practice in previous proceedings of treating similar administrative expenses as indirect selling expenses.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

13. Paragraphs 1 through 12 are incorporated herein by reference.

14. Finieco respectfully requests that the Court enter judgment against the defendant, the United States, and declare that Commerce's treatment of Finieco's administrative fees paid to a U.S. company as a direct expense instead of an indirect expense is not supported by substantial evidence and is not in accordance with law.  Consequently, Finieco requests that the Court remand the matter to Commerce for reconsideration and grant any such other relief as the Court may deem appropriate.

Date:  September 17, 2024                    Respectfully submitted,

/s/ Jonathan M. Zielinski

Jonathan M. Zielinski
2112 Pennsylvania Ave, NW, Suite 300
Washington, DC 20037
202-787-5507
jzielinski@cassidylevy.com